## IN THE MATTER OF JOHN F. GERAGHTY.
### (SUPREME COURT DISCIPLINARY No. 783)
(403 SE2d 788)

PER CURIAM.

The State Bar brought a formal complaint against respondent alleging that he violated Standards 61, 63 and 65 of Rule 4-102 of the Rules and Regulations of the State Bar of Georgia. The allegations were deemed admitted by default, as a sanction for respondent's failure to respond to discovery.

Respondent acted as the closing attorney in a transaction in which Rodney Callaway purchased certain property. At the closing, Callaway entrusted respondent with funds for a transfer fee and for the first mortgage payment, which funds respondent agreed to forward to the mortgage company. Respondent failed to forward the transfer fee for three months, and never forwarded the mortgage payment, despite numerous requests by Callaway. Although he had made

---

all payments due since the closing, Callaway received notices that his mortgage payments were past due, and was assessed over $700 in late fees. Also, because of Geraghty's failure to forward the funds as required, Callaway's credit report reflected a history of delinquent mortgage payments. Around the time respondent was served with the Notice of Finding of Probable Cause, he sent Callaway a check in an amount less than that Callaway was required to pay the mortgage company due to respondent's inaction, with a letter stating he was sorry about the confusion.

Respondent failed to respond to the State Bar's request for production of copies of his bank records, although he had received a substantial extension of time in which to do so. On the State Bar's motion for sanctions, the Special Master found respondent wilfully failed to comply with discovery, ordered his answer stricken pursuant to Bar Rule 4-212 and OCGA § 9-11-37 (d), and concluded respondent had engaged in professional conduct in violation of Standards 61, 63 and 65 of Bar Rule 4-102. The State Disciplinary Board, after adopting the Special Master's findings of fact and conclusions of law, recommended respondent be suspended from the practice of law for one year. The State Bar filed an exception to the recommendation of the State Disciplinary Board, contending disbarment is the appropriate sanction for respondent's misconduct.

We agree with the State Bar that respondent's conduct involved serious violations of his duty to preserve his client's property, and reflects adversely on his honesty and trustworthiness. Further, his failure to respond to discovery, and to the report of the review panel of the State Disciplinary Board suggests a regrettable lack of concern about both the nature of his conduct and the consequences thereof. Finally, respondent has failed to make full restitution and has offered nothing in the way of evidence which might be considered mitigating. Under these circumstances, we decline to adopt the Review Panel's recommendation of a one-year suspension. Rather, we suspend Geraghty from the practice of law for two years, with the suspension to continue until he pays the complainant all amounts for which the complainant became liable as a result of Geraghty's violations.

*Two-year suspension. All the Justices concur.*

DECIDED APRIL 11, 1991 —
RECONSIDERATION DENIED MAY 22, 1991.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.