S96Y0468. IN THE MATTER OF JOHN F. GERAGHTY, JR.
(466 SE2d 858)

PER CURIAM.

The State Bar of Georgia filed a formal complaint against John Geraghty alleging he violated various professional standards in connection with an agreement to represent clients in a bankruptcy matter, during a time when he was suspended from the practice of law. In his subsequent petition for voluntary discipline, Respondent admits that his clients paid him attorney fees and a filing fee for their bankruptcy proceeding; that he did not pay the filing fee into an escrow

---

[2] Dennis' conviction for felony murder was affirmed in *Dennis v. State*, 264 Ga. 590 (449 SE2d 611) (1994).

account; and that he did not refund the fees paid after he learned of his suspension. For his admitted violation of Standard 65 of State Bar Rule 4-102 (d), Respondent requests a three-year suspension, with conditions, to run concurrently with his two previous suspensions. See *In the Matter of Geraghty*, 262 Ga. 469 (422 SE2d 201) (1992); *In the Matter of Geraghty*, 261 Ga. 260 (403 SE2d 788) (1991).

The special master, review panel, and State Bar all agree to and recommend the terms proposed by Geraghty in his petition. The State Bar indicates suspension is appropriate under the ABA Standards for Imposing Lawyer Sanctions (1991), Standards 4.12 (suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client), and 4.42 (b) (a lawyer engages in a pattern of neglect and causes injury or potential injury to a client). In mitigation of Respondent's conduct, the State Bar points to Respondent's previously untreated mental and emotional problems for which he is now receiving treatment and to his cooperation with the Office of the General Counsel of the State Bar in this proceeding. ABA Standard 9.32 (e), (h).[1] We also note the aggravating circumstance that this is Respondent's third disciplinary involving violations of the same standards. See ABA Standard 9.22 (a), (c), and (d).

We have reviewed the record and conclude that a three-year suspension, with conditions, to run concurrently with his two previous suspensions is appropriate.[2] The additional conditions which may result in Respondent's disbarment if he does not comply are as follows: Respondent's reinstatement is contingent upon his compliance with the conditions in his previous two disciplinary proceedings, including his full payment to his clients of $470, and his obtaining a favorable determination from the Committee on Lawyer Impairment that he is fit to resume the practice of law. Respondent may be reinstated only after complying with the foregoing, filing and obtaining the agreement thereto of the Office of General Counsel, and filing with this Court a Petition for Reinstatement, including evidence that he has complied with all the foregoing conditions.

Further, within six months of Respondent's reinstatement to the State Bar of Georgia, Respondent shall be required to initiate contact with the Law Practice Management Program of the State Bar of Georgia, and he shall be required to pay for and complete a full as-

---

[1] We do not find Respondent's partial restitution to be a significant factor in mitigation, because it appears that restitution was prompted by the disciplinary proceedings against Respondent. See commentary to Standard 9.32.

[2] We note that in light of the concurrent terms of suspension, Respondent is not subject to additional time limitations on his reinstatement. His reinstatement is, nevertheless, contingent on his compliance with the additional requirements set forth in this opinion.

sessment. Respondent has agreed to waive confidentiality in the assessment, so that the Law Practice Management Program may certify to the Office of General Counsel, that Respondent has completed and paid for the assessment. If the assessment is not completed and paid for by Respondent within six months of his reinstatement to the State Bar of Georgia, he shall, on notice to this Court that Respondent has failed to comply with those conditions, be subject to immediate disbarment.

*Three-year suspension. All the Justices concur.*

DECIDED FEBRUARY 19, 1996.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Senior Assistant General Counsel State Bar,* for State Bar of Georgia.